UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAMMY SHIPPEE, | : |
| Plaintiff, | : Case No.: |
| VS. | : |
| MATULAITIS NURSING HOME, INC., | : |
| Defendant. | : January 21, 2019 |
| | : Jury Trial Demanded |

## COMPLAINT

Plaintiff, Tammy Shippee, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1. Plaintiff is a citizen of the State of Connecticut.

2. Defendant Matulaitis Nursing Home, Inc. was and is a corporation organized and existing under the laws of the State of Connecticut with a principal place of business located at 10 Thurber Road, Putnam, Connecticut 06260.

3. At all times material, plaintiff was an eligible employee as that term is defined by the FMLA.

4. At all times material, defendant employed fifty (50) or more employees at plaintiff's former worksite for twenty or more weeks in 2019 and 2020 in an industry affecting interstate commerce. Accordingly, defendant is an employer covered by the FMLA.

5. At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

6. At all times material, defendant was an employer within the meaning of the

1

Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: the Family Medical Leave Act of 1993 (FMLA).

8. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

9. The Court has pendent jurisdiction over the state law claim.

## GENERAL ALLEGATIONS

10. Defendant employed plaintiff.

11. Defendant hired plaintiff on or about October 22, 2012.

12. Plaintiff's job title was Nurse.

13. Plaintiff was qualified for the job.

14. Plaintiff was a full-time employee.

15. Plaintiff performed her job at or above a satisfactory level.

16. Plaintiff is associated with an individual with a disability.

17. Defendant was notified that plaintiff was associated with an individual with a disability.

18. Plaintiff had care giving responsibilities for the disabled individual.

19. Defendant was notified that plaintiff care giving responsibilities for the disabled individual.

20. Plaintiff requested FMLA family leave in connection with caring for the disabled individual.

21. On or about April 10, 2020, plaintiff requested FMLA, contacted a company

called FMLA Source, and obtained the FMLA certification form.

22. Defendant uses a third party vendor called FMLA Source in connection with its legal responsibilities under the FMLA.

23. FMLA Source sent a letter dated April 21, 2020 to the plaintiff and the defendant stating that plaintiff's FMLA continuous leave was approved for April 11, 2020 to April 17, 2020 and the FMLA intermittent leave was approved for April 18, 2020 through April 9, 2021.

24. In a letter dated April 13, 2020, defendant stated that the plaintiff was terminated and the letter identified abandoned position as the reason.

25. Upon information and belief, one or more similarly situated employees have been allowed by the Respondent to take a leave of absence due to COVID in light of the person's age and underlying medical condition.

26. Defendant is aware that there are federal FMLA regulations.

27. Defendant knew or should have known that 29 CFR §825.13 provides for a minimum of fifteen (15) days to an employee for returning a completed FMLA certification form.

28. Defendant violated 29 CFR §825.13 when it terminated plaintiff.

29. Any and all excuses to be offered by defendant to explain the termination decision would not be the real reason but rather a pretext to cover up unlawful discrimination and/or retaliation.

30. Plaintiff filed charges against the defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO) on or about July 13, 2020.

31. On or about October 27, 2020, plaintiff received a release of jurisdiction from the CHRO (Ex.1)

## FIRST COUNT
### (FMLA Discrimination/Retaliation)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

32. Plaintiff invoked her right to FMLA-qualifying leave.

33. Requesting FMLA leave is an exercise of a right under the Act.

34. Defendant, by and through its agents and/or employees, retaliated against the plaintiff for the exercise of her rights under the FMLA in one or more of the following ways:

   (a) by terminating plaintiff's employment.

35. As a direct and proximate result of defendant's retaliation/discrimination, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee/retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

36. Defendant's actions have been willful.

## SECOND COUNT
### (Interference with the Exercise of Rights under the FMLA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

37. Defendant interfered with plaintiff's rights under the FMLA by denying her leave and then terminating her employment for missing time from work that should have been protected by the FMLA.

38. Plaintiff was actively exercising or attempting to exercise her FMLA-protected medical leave rights at the time of her termination.

39. Plaintiff had a right to return to her job or a substantially equivalent job after using continuous and/or intermittent protected family leave.

40. As a direct and proximate result of defendant's interference, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

41. Defendant's FMLA violation was willful.

## THIRD COUNT
### (Disability Discrimination by Association in Violation of C.G.S. §46a-60(b)(1))

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

42. Defendant, by and through their agents and/or employees, violated Connecticut's Fair Employment Practices Act when they terminated plaintiff because of her association with a disabled individual.

43. As a result of the illegal discrimination, plaintiff suffered and sustained harms and losses including lost wages, emotional distress, lost employment benefits, harm to professional reputation, and attorneys' fees and costs.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days; liquidated damages; attorneys' fees; costs; interest; statutory punitive damages; job reinstatement; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: January 21, 2021

*James Sabatini*
_____
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Tammy Shippee
**COMPLAINANT**

CHRO No. 2140020

vs.

EEOC No. 16A-2020-01245

Matulaitis Nursing Home Inc.
**RESPONDENT**

## **RELEASE OF JURISDICTION**

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** October 27, 2020

_Tanya A. Hughes_
Tanya A. Hughes, Executive Director

Service:
Complainant's counsel:  jsabatini@sabatinilaw.com
Respondent's counsel:  awarren@rc.com